[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15261
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00167-MW-GRJ

JOSE SALVADOR MUNOZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 4, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jose Salvador Munoz appeals the district court's dismissal of his complaint seeking relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, as well as expungement of his criminal indictment.  He contends the district court erred in dismissing his claim for monetary damages under the FTCA because the Florida tort of defamation by implication provides the necessary state-tort analogue and because the United States had a duty to remove his "bogus" indictment from its records.  He further contends the district court erred by failing to address his request for expungement.  After review,[1] we affirm dismissal of Munoz's claims under the FTCA, but we vacate with respect to the expungement request and remand so the district court may address that request in the first instance.

## I.  BACKGROUND

Munoz is a practicing attorney in Panama.  He alleges that, in 1987, the United States fraudulently indicted him on drug-related charges to force him to cooperate with an investigation into one of his clients.  Three years later, after realizing Munoz would not reveal confidential attorney-client information, the Government moved to dismiss the indictment on grounds that the evidence against Munoz no longer existed.  The indictment was promptly dismissed.

---

[1] "We review the legal conclusions underlying a district court's dismissal of claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction *de novo*, and its findings of jurisdictional facts for clear error."  *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (footnote omitted).

2

24 years later, in 2014, Munoz requested a visa to enter the United States. The request was denied because the consular office was aware of information indicating Munoz may have been involved in drug trafficking.  Munoz attributes this denial to records of his "bogus" indictment maintained in federal databases, which he asserts were accessed by the consular office as part of a required background check.

In July 2017, Munoz sued the United States under the FTCA, seeking $10 million in damages for falsely suggesting he was involved in drug trafficking.  His damages claim was based on 28 U.S.C. § 534, which he contends places a duty on the Government to maintain "accurate" criminal records.  The Government breached that duty, he argues, by failing to remove from its records the "false indictment" issued against him.

In addition to his damages claim, Munoz requested injunctive relief and "an order expunging all records of [his] indictment."  In support of the expungement request, he cited *Menard*[2] *v. Saxbe*, 498 F.2d 1017, 1023 (D.C. Cir. 1974) ("The judicial remedy of expungement is inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law.").

---

[2] The complaint mistakenly cites the case caption as *Tarlton v. Saxbe*.

3

The Government moved to dismiss the complaint, arguing: (1) the district court lacked jurisdiction over the FTCA claims because the United States did not waive sovereign immunity; (2) the Government had no duty to remove accurate information from its records; (3) the district court lacked jurisdiction to order expungement; and (4) Munoz failed to allege facts sufficient to warrant expungement in any event.  More specifically, with respect to the FTCA claims, the Government asserted—among other things—that "unless [Munoz] can identify a state tort analogue to the alleged breach of a federal statutory duty, the FTCA does not apply."[3]  As to expungement, the Government argued the district court lacked statutory or ancillary jurisdiction to issue such an order and acknowledged a circuit split as to whether expungement could be ordered on equitable grounds.

---

[3] This contradicts Munoz's assertions that the district court "determined *sue* [sic] *sponte* that [Munoz] failed to identify a state tort analogue under the laws of Florida or any other state" and that "this was not a ground advanced by the Government for dismissal in its Motion."  Br. of Appellant at 14; *see also* Appellant's Reply at 3 ("[T]he Government's Motion to Dismiss was not based upon a purported failure by [Munoz] to identify a state tort analogue . . . .").  Indeed, Munoz acknowledged in his response to the motion to dismiss that the Government did, in fact, raise this argument.  USDC Doc. 12 at 6 ("[The Government] contends that the FTCA does not waive sovereign immunity for a purely governmental function unless there is a state tort analogue, which [Munoz] 'does not identify' . . . .").  In addition, Munoz asserts on appeal that the Government's motion to dismiss "specifically acknowledged that 'Mr. Munoz *identified* such a state tort analogue. . . ."  Appellant's Reply at 3.  While Munoz's quote (apart from the emphasis added) is technically accurate, it takes an obvious typographical error and presents it as a concession.  The Government's very next sentence stated:  "In the absence of such a state tort analogue, the FTCA's waiver of sovereign immunity does not apply, and Mr. Munoz' claim is barred."  USDC Doc. 7 at 8.  It would be clear to any reasonable person that the Government intended to say "Mr. Munoz *has not* identified such a state tort analogue . . . ."  And based on his response to the motion to dismiss, Munoz understood precisely what the Government intended to say.

4

*See* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3523.2 (3d ed. 2018) (describing the circuit split).

The district court granted the motion to dismiss for lack of subject-matter jurisdiction.  It agreed with the Government that sovereign immunity barred Munoz's FTCA claims.  With respect to his claim for monetary damages, Munoz failed to identify the required state-tort analogue under which a private person could be held liable on these facts.  Munoz's claims for injunctive relief were barred because the FTCA's sovereign-immunity waiver applied only to claims for monetary damages.

Alternatively, even if sovereign immunity did not bar the FTCA claims, Munoz's claims would fail because the Government had no legal duty either to remove accurate records of an indictment or to refrain from disseminating those records.  The district court therefore dismissed Munoz's claims with prejudice, without directly addressing Munoz's request for an order seeking expungement. Munoz timely appealed.

## II.  DISCUSSION

### A.  FTCA

Munoz first contends the district court erred by concluding his damages claim under the FTCA was barred by sovereign immunity.  We have explained that failing "to perform duties imposed by federal law is insufficient by itself to render

the federal government liable under the FTCA." *Zelaya v. United States*, 781 F.3d 1315, 1324 (11th Cir. 2015). Rather, "a state tort cause of action is a *sine qua non* of FTCA jurisdiction, and we have dismissed FTCA suits that have pleaded breaches of federal duties without identifying a valid state tort cause of action." *Id.* The district court dismissed Munoz's damages claims based on its conclusion that Munoz failed to identify an applicable state-tort analogue.

Munoz argues on appeal that the Florida tort of defamation by implication provides the necessary state-tort analogue. But that argument was not presented to the district court, and none of the exceptional circumstances under which "we *may* choose to hear" an argument raised for the first time on appeal is present here.[4] *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). The argument is therefore waived, and the district court did not err by dismissing Munoz's damages claim for failure to allege an applicable state-tort analogue.

---

[4] Munoz contends an exception is warranted because the issue involves a pure question of law, and failing to consider it will result in a miscarriage of justice. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (explaining the circumstances under which we may choose to hear an argument not presented to the district court). We disagree. Not permitting a claim for monetary damages to move forward under the theory that the Government had a duty to remove accurate records of a criminal indictment that has not been adjudicated invalid is not the sort of "miscarriage of justice" contemplated by the exception. And Munoz's contention that the Government waived the issue by not negating the possibility of an exception lacks merit. The Government was not obligated to anticipate and negate every argument Munoz might have asserted in response to its suggestion of waiver.

*B. Expungement*

The district court did not directly address Munoz's request for expungement, apparently believing the request was grounded in the FTCA and thus barred by sovereign immunity.  Munoz's complaint, however, suggested the jurisdictional basis for expungement was the district court's inherent authority.  USDC Doc. 1 at ¶ 1 (citing *Menard*, 498 F.2d at 1023 ("The judicial remedy of expungement is inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law.")).  And any ambiguity concerning the request's jurisdictional basis was addressed by the parties' briefing, which squarely presented the issue as whether the district court had ancillary or equitable jurisdiction to order expungement.  *See* USDC Doc. 7 at 13–14; USDC Doc. 12 at 17–19.

We therefore vacate the dismissal of Munoz's expungement request and remand so the district court may determine in the first instance whether it has jurisdiction over such a request.

### III.  CONCLUSION

We affirm the dismissal of Munoz's claims under the FTCA.  The dismissal of Munoz's expungement request is vacated, and we remand so the district court may address the merits of that request in the first instance.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**